**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONALD PARRISH | Criminal Action No. 91-56 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on pro se Defendant Ronald Parrish's ("Parrish") Request for Early Termination of Supervised Release. (ECF No. 1.)[1] The United States of America (the "Government") opposed (ECF No. 5), and Parrish did not file a reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons set forth below, the Court denies Parrish's Motion for Early Termination of Supervised Release.

**I.    BACKGROUND**

On March 28, 1991, a federal jury found Parrish guilty of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 ("Count One") and bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) ("Count Two"). The United States Probation Office (the "Probation Office") determined that Parrish was a career offender based on his prior convictions, (PSR ¶ 41), including a prior armed robbery conviction, and the Court sentenced Parrish to concurrent sentences of 60

---

[1] This case was reassigned to the undersigned on June 2, 2021. (*See* ECF No. 2.) The Hon. Garrett E. Brown, Jr. presided over the trial and sentencing.

months' imprisonment for Count One and 275 months' imprisonment for Count Two. As relevant here, the Court also sentenced Parrish to five years of supervised release and ordered him to pay $19,000 in restitution. The Third Circuit affirmed Parrish's conviction. *See United States v. Parrish*, 27 F.3d 560 (3d Cir. 1994) (mem.).

Parrish completed his term of imprisonment on August 23, 2019, serving over 28 years for the 1991 robbery. Today he resides in Georgia under the supervision of the Probation Office for the District of South Carolina. (Gov't's Opp'n Br. 3, ECF No. 5.) Parrish is slightly more than two years into his five-year term of supervised release. (Def.'s Mot. 1, ECF No. 1.) The Probation Office reports to the Court that Parrish is partially disabled and currently unemployed but is otherwise compliant with the terms of his supervised release (apart from making monthly restitution payments).

On May 28, 2021, Parrish submitted correspondence to the Court "requesting early termination from parole." (*Id.*)[2] In his correspondence, Parrish noted that he is a "changed person" and has completed two of his five years of ordered supervised release "without an incident." (*Id.*) He asks the Court to terminate his supervision early to allow him to "live out the rest of [his] days . . . in peace, with [his] family." (*Id.*)

Upon review of Parrish's request for early termination, the Court ordered the Government to file a response. (ECF No. 4.) On June 21, 2021, the Probation Office provided its recommendation to the Court as to Parrish's motion. The Government filed its opposition to Parrish's motion on June 28, 2021. (ECF No. 5.) In opposing Parrish's motion, the Government

---

[2] The Court interprets Parrish's reference to parole as referring to the five years of supervised release imposed by the sentencing Court in 1993. (*See* ECF No. 4.)

argues that the nature of his offenses, his criminal history, Parrish's present circumstances, and the interests of justice weigh strongly against granting early termination of his supervised release. (Gov't's Opp'n Br. 3-6.)

## II. LEGAL STANDARD

The Court may terminate a term of supervised release before its expiration under 18 U.S.C. § 3583(e). In relevant part, the statute reads as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). As is routine in dealing with the modification of a defendant's sentence, the statute directs the Court to consider the 18 U.S.C. § 3553(a) factors.[3] In deciding whether to terminate supervision early, the Court has broad discretion under § 3583(e). *See United States v.*

---

[3] The § 3553(a) sentencing factors are (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *see also United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018).

*Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014))).

After considering the § 3553(a) factors and present circumstances of a defendant, district courts may grant early termination only if satisfied that it is "warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52. District courts need not make express findings for each § 3553(a) factor; "rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id.* at 53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003)). Further, as the Third Circuit clarified, the Court need not find an exceptional or extraordinary circumstance to grant early termination. *Id.* Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id.* "In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such termination." *Id.*

Generally, however, because the imposition of an original sentence should be "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), it follows that early termination of supervision should be prompted by a "new or unforeseen circumstance[.]" *Davies*, 746 F. App'x at 89. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable," "is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

## III. DISCUSSION

Parrish appears to be doing well since being released from custody of the Bureau of Prisons in August 2019. From what the Court can glean, Parrish has familial support, housing, hobbies, and a religious community. (*See* Def.'s Mot. 1.) Parrish requests that the Court grant him early termination of supervised release a little less than halfway into the five-year term imposed by the sentencing Court. (*Id.*) Parrish reasons that he should be released early because of his compliance with the terms of his supervised release, rehabilitation, and desire to "live out the rest of [his] days . . . in peace" and with his family. (*Id.*)

The Government opposes early termination and urges the Court to deny Parrish's motion. It stresses that a holistic review of Parrish's case illustrates the severe nature of his 1991 robbery, his criminal history (including past violations of parole), the safety of the public, the need for adequate deterrence, and a lack of any changes in circumstance for Parrish. (Gov't's Opp'n Br. 4-5.) The Government also notes that Parrish has failed to make his required restitution payments but acknowledges that he has attempted to do so on at least two occasions. (*Id.* at 6.)

The Court concludes that early termination of supervised release is not warranted. *First*, the Court finds that the § 3553(a) factors weigh against granting early termination. Parrish's conduct during the 1991 robbery was severe and the impact on the victims lasting. At trial, the Government proved that Parrish and a co-conspirator committed an armed robbery of Howard Savings Bank in Newark, New Jersey. (PSR ¶¶ 1-2.) During the robbery, Parrish threatened to shoot the occupants if they failed to lay on the ground and forced an unarmed guard to hand over his cash by placing a handgun to the guard's temple. (*Id.* ¶¶ 11-12.) Parrish and his accomplice stole more than $19,000 before fleeing the bank. (*Id.* ¶ 12.) While awaiting trial, the record reflects

that Parrish threatened certain witnesses and made menacing comments towards the security guard he held at gunpoint. (*See id.* ¶¶ 35-36; Gov't's Opp'n Br. 2.) When committing the robbery, Parrish was on parole for a series of convictions related to an armed robbery that he committed in 1976. (PSR ¶¶ 35-36.) Additionally, the Probation Office classified Parrish as a career offender based on his prior convictions. A holistic review of the § 3553(a) factors thus weighs against granting early termination.[4]

*Second*, after considering the sentencing factors, § 3583(e) provides that district courts "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). In asking for early termination, Parrish points to his positive conduct over the past two years and lack of any incidents. (Def.'s Mot. 1.) The Court commends Parrish for complying with the terms of his supervised release. That alone, however, falls short of warranting early termination. *See Stiso*, 2021 WL 1291648, at *3 (declining to terminate defendant's supervised release when "[d]efendant . . . provided no reason justifying early termination of supervised release other than compliance with the conditions of his supervision").

*Finally*, the interests of justice do not mandate early termination. Parrish's desire to live "in peace" and "with [his] family," although understandable, is insufficient to terminate his supervision. (Def.'s Mot. 1.) Parrish does not elaborate as to how his supervision creates a burden on him (or his family) or disturbs his peace. Notably, Parrish has not yet served even half of his

---

[4] The Court appreciates the importance of timely restitution payments but declines to hold Parrish's failure to pay against him, especially considering that Parrish—who is partially disabled and unemployed—attempted on two occasions to submit restitution. (*See* Gov't's Opp'n Br. 2 n.2.)

term of supervised release. Without more, "the Court remains satisfied that upon [sentencing], the imposition of [Parrish]'s sentence was appropriate 'in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a).'" *Stiso*, 2021 WL 1291648, at *2 (quoting *United States v. Ferriero*, No. 13-0592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020)).

### IV.   CONCLUSION

After careful consideration of Parrish's motion and the relevant statutes, the Court concludes that early termination is unwarranted. The Court thus declines to exercise its discretion to terminate the remainder of Parrish's supervised release early and denies Parrish's motion. The Court will enter an Order consistent with this Memorandum Opinion.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**